OPINION
{¶ 1} The City of Dayton appeals from a decision, order, and entry of June 12, 2006, which denied its motion for partial summary judgment wherein the City had sought a *Page 2 
determination that it was uninsured. The same decision, order, and entry sustained a motion of State Farm Mutual Automobile Insurance Company for summary judgment that the City was self-insured. The City's notice of appeal does not mention the summary judgment in favor of State Farm. Similarly, the City's assignments of error assert error in the denial of its motion for partial summary judgment, but not in the granting of State Farm's motion for summary judgment.
 {¶ 2} Because both parties' motions sought a determination as to whether the City was self-insured, and because the City's notice of appeal referred to the decision, order, and judgment that decided both motions, we deem that the City has preserved for our review the question of whether the trial court properly determined that it was self-insured.
 I {¶ 3} The City has advanced three assignments of error that can be considered together:
 {¶ 4} "1. THE TRIAL COURT ERRED IN DENYING APPELLANT CITY OF DAYTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT.
 {¶ 5} "2. THE TRIAL COURT ERRED IN HOLDING THAT THE CITY OF DAYTON IS THE SELF-INSURED, RATHER THAN UNINSURED, OWNER OF THE VEHICLE DRIVEN BY MR. BLACK AT THE TIME OF THE ACCIDENT WHERE SAID VEHICLE WAS NOT COVERED UNDER ANY POLICY OR POLICIES OF INSURANCE.
 {¶ 6} "3. AS THE CITY OF DAYTON VEHICLE IS UNINSURED, THE TRIAL COURT ERRED IN HOLDING THAT STATE FARM'S INSURANCE POLICY IS NOT APPLICABLE TO THE PRESENT SITUATION."
 {¶ 7} The facts giving rise to this appeal are straightforward. Dion Black, a City *Page 3 
employee, backed into a vehicle occupied by Lemuel and Elaine Hunter. At the time, Black was in the course of his employment and operating a City owned vehicle. The Hunters brought suit against the City and, alternatively, against State Farm, their insurance company, for uninsured motorists coverage. Eventually the City and State Farm filed motions for summary judgment, as described above, and the court determined that the City was self-insured. The trial court certified the summary judgment per Civ.R. 54(B).
 II {¶ 8} The trial court decided that Dayton was self-insured prior to our opinion in Rogers v. Dayton (Feb. 16, 2007), Montgomery App. No. 21593; 2007 WL 495787; 2007 Ohio 673. In Rogers, we affirmed a trial court determination, rendered on comparable facts, that the City was uninsured. The trial judge in this case acknowledged that his colleague — on "very similar . . . facts" — had concluded in Rogers that the City was uninsured.
 {¶ 9} Because we have determined in Rogers that the trial court properly determined that the City is uninsured, and because the operative facts in this case are on all fours with those inRogers, we must sustain the City's assignment of error.
 III {¶ 10} The judgment that the City of Dayton is self-insured will be reversed, and the case will be remanded for further proceedings.
FAIN, J., concurs.
DONOVAN, J., concurring:
 {¶ 11} Although I dissented in Rogers, the doctrine of stare decisis dictates I concur in *Page 4 
this judgment.
Copies mailed to:
Carmine M. Garofalo
Mark H. Gams
Patrick J. Bonfield
John J. Danish
Shanon M. Potts
 Hon. Michael T. Hall, Administrative Judge *Page 1